### HUNTLEY vs. Dows and others.

Consignees of a cargo of grain, who are not themselves the owners thereof, are only liable to the, owner of the vessel for an improper detention of the boat at the place of delivery, arising from their own misconduct or neglect.

It is their duty to provide, at the earliest moment practicable, a place of storage; and they have no right to detain the carrier and his boat while endeavoring to effect a sale of the cargo. They are liable for the damages occasioned by such detention.

If the carrier, after the cargo is discharged, settles with the consignees, and gives his receipt "in full for freight and charges," such receipt is not evidence that the claim for damages was settled.

The term "charges" does not apply to such a claim, but refers only to such expenses as the master of the boat has paid, and for which he has a lien upon the cargo.

THIS action was brought against the defendants, who were consignees of a cargo of wheat, laden at Oswego, on board of the canal boat of the plaintiff, and to be delivered to the defendants at the port or city of New York, to recover damages for the detention of the boat after its arrival at New York. The complaint charged that the defendants agreed to pay for any improper détention; and also that the defendants improperly neglected and refused to receive the wheat and unload the boat.

The cause was tried before a referee, who reported in favor of the plaintiff, for three and three-fourths days of unreasonable detention, at $50 per day, making $187.50, with interest thereon, being $33.19, and amounting in all to the sum of $220.69, for which, together with costs, he ordered judgment for the plaintiff. The defendants appealed.

*Edwin Allen*, for the appellants.

*A. Perry*, for the respondent.

*By the Court*, FOSTER, J. There was no contract proved to pay demurrage. And there was no proof of any custom at the port of New York to allow demurrage. And it

appeared that the defendants were not the owners of the grain, it having been consigned to them by an agent of the owner, who had drawn his individual draft upon the de-defendants for $6000, to reimburse himself for advances which he had before made upon the cargo, and that draft on the defendants was drawn against the cargo.

The defendants, therefore, are only liable for an improper detention at New York, arising from their own misconduct or neglect. The boat arrived at New York, and the defendants were notified thereof on the morning of Tuesday the 20th or 21st day of November, 1860, at 8 o'clock. From that time to the afternoon of Thursday following, the plaintiff repeatedly called upon the defendants to discharge the cargo, but instead of attempting to provide a place to unload the boat, they were engaged in trying to effect a private sale of the grain.

On the afternoon of Thursday the defendants gave the plaintiff an order upon a warehouseman to unload the boat, and they commenced unloading it on the following Saturday, in her regular turn, and finished unloading it on Monday afternoon, and the boat was unloaded, after her arrival at the warehouse, as soon as could be.

I think the defendants were liable for such detention as took place while they were endeavoring to effect a sale of the wheat, instead of trying to provide a place to unload it. It was their duty to provide at the earliest moment practicable a place for its storage; and they had no right to detain the plaintiff and his boat while they could effect a sale. The plaintiff, therefore, was entitled to recover for the two and a half days, while thus kept waiting, which, according to the testimony, amounted to $125, and the interest thereon from that date. Beyond that amount the plaintiff was not entitled to recover; because it does not appear that, after the two and a half days, there was any unnecessary delay; and because it does appear that within three working days thereafter the cargo was discharged.

Huntley *v.* Dows.

It is claimed by the defendants that the plaintiff, after the wheat was discharged, settled with them and gave his receipt in full for his freight and all charges, which receipt discharged the claim of demurrage. The receipt is as follows: " Received, New York, Nov. 26th, 1860, of Messrs. David Dows & Co., eight hundred and four dollars, in full for freight and charges, on boat J. J. Austin. A. Huntley." It was also proved that the $804, included in the receipt, covered only the amount due for freight and the sum paid by the plaintiff for towage, which, by the terms of the bill of lading, was to be paid by the consignee. I think the receipt was not evidence that the claim for demurrage was settled. The term "charges" does not apply to such a claim, but refers only to such expenses as the master of the boat has paid, and for which he has a lien upon the cargo.

The recovery, therefore, should have been for the two and a half days' detention, as before stated, and the interest thereon. The judgment must be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff shall elect to reduce the damages to the sum of $125, and interest from November 26th, 1860; and, in that event, no costs of this appeal to be allowed to either party.

[ONONDAGA GENERAL TERM, June 28, 1864. *Morgan, Bacon* and *Foster*, Justices.]